UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BMG MUSIC, ET AL.,

        Plaintiffs,

-vs-                                                                Case No. 8:07-cv-367-T-24 EAJ

STEPHEN NORMAN GIPSON,

        Defendant.
_____/

## O R D E R

This cause comes before the Court on Plaintiffs' Application for Entry of Default Judgment By the Court (Doc. No. 9).

Plaintiffs filed their complaint on February 27, 2007. Defendant was served on March 10, 2007. Defendant did not file a response to the complaint, and Plaintiffs moved for entry of default on May 8, 2007. The Clerk entered default on May 9, 2007.

Plaintiffs allege the following in their complaint: Defendant, without the permission or consent of Plaintiffs, used and continues to use an online media distribution system to download Plaintiffs' copyrighted recordings, to distribute Plaintiffs' copyrighted recordings to the public, and/or to make Plaintiffs' copyrighted recordings available for distribution to others. Plaintiffs identified seven copyrighted recordings at issue in this case. Additionally, Plaintiffs allege that Defendant's acts are willful and intentional and that they constitute infringement on Plaintiffs' copyrights and exclusive rights under copyright.

Plaintiffs seek minimum statutory damages, pursuant to 17 U.S.C. § 504(c), for Defendant's infringement of each of the seven copyrighted recordings. Section 504(c) provides

minimum statutory damages of $750.00 for each individual work that was infringed.  See Arista Records, Inc. v. Beker Enterprises, Inc., 298 F. Supp.2d 1310, 1312 (S.D. Fla. 2003).  As such, Plaintiffs request statutory damages of $5,250.00.[1]  The Court finds that Plaintiffs should be awarded $5,250.00 in statutory damages.

Plaintiffs also request a permanent injunction, pursuant to 17 U.S.C. § 502.  Section 502(a) provides that a court may grant an injunction on such terms that it deems reasonable in order to prevent or restrain infringement of a copyright.  The Court finds that Plaintiffs should be granted a permanent injunction in order to prevent or restrain future copyright infringement by Defendant.[2]

Plaintiffs also request costs in the amount of $420.00, pursuant to 17 U.S.C. § 505.  The $420.00 consists of the filing and service of process fees.  (Doc. No. 9-2).  The Court finds that Plaintiffs should be awarded $420.00 in costs.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)   Plaintiffs' Application for Entry of Default Judgment  By the Court (Doc. No. 9) is **GRANTED**.  The Clerk is directed to enter Final Default Judgment against

---

[1] $750 x  7 copyrighted recordings equals $5,250.00 in statutory damages.

[2] The injunction can prohibit Defendant from infringing on all of Plaintiffs' copyrighted recording, including those that are not yet in existence.  See Sony Music Entertainment, Inc. v. Global Arts Productions, 45 F. Supp.2d 1345, 1347 (S.D. Fla. 1999); Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994); Sony Music Entertainment Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *5 (C.D. Cal. Jan. 20, 2004).  Such injunctive relief is appropriate in this case, since Plaintiffs have alleged (and their allegations are deemed admitted) that Defendant has infringed and continues to infringe Plaintiffs' copyrighted recordings. Furthermore, "an injunction limited to existing works would require repetitive litigation to redress future infringements." Elias, 2004 WL 141959, at *5.  Therefore, "[t]o promote judicial economy and avoid similar actions in the future, this injunction issued against Defendant will apply not only to existing works, but also to works created in the future by Plaintiffs and Plaintiffs' affiliates." Id.

        Defendant in the amount of $5,250.00 in statutory damages and $420.00 in costs.

(2)    Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the seven copyrighted recordings described in Exhibit A to the complaint, along with any other copyrighted sound recordings, whether now in existence or later created, that are owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) (collectively referred to as "Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

(3)    The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of May, 2007.

                                                                       SUSAN C. BUCKLEW
                                                                       United States District Judge

Copies to: Counsel of Record